NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL VALDEZ,

Plaintiff-Appellant,

v.

DEPARTMENT OF CORRECTIONS;
STATE OF WASHINGTON; YVETTE
STUBBS, Legal Liaison; GRUBB,
Counselor (A Pod),

Defendants-Appellees.

No. 22-35667

D.C. No. 3:20-cv-05189-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 10, 2023**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Washington state prisoner Samuel Valdez appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violation of his

constitutional right to access the courts.  We have jurisdiction under 28 U.S.C.

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), and we can affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Valdez's action was proper because Valdez failed to state an access-to-courts claim. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (explaining that the constitution requires that inmates be able to attack their sentences and challenge conditions of confinement, but that "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration"); *Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (concluding that where a prisoner was a defendant in a civil damages suit, the Sheriff's failure to transport him for trial did not state a claim for violation of constitutional right to access the courts).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009).

2                                        22-35667

Valdez's motion to strike the answering brief (Docket Entry No. 18) and motion for appointment of counsel (Docket Entry No. 19) are denied.

**AFFIRMED.**